# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| Dianne Mitchel and Kenneth Pope, | |
| Plaintiffs, | Civil Action No.: 2:12-cv-01261 |
| v. | |
| Account Discovery Systems, LLC; and DOES 1-10, inclusive, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

For this Complaint, the Plaintiffs, Dianne Mitchel and Kenneth Pope, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiffs, Dianne Mitchel and Kenneth Pope ("Plaintiffs"), are adult individuals residing in Milwaukee, Wisconsin, and are "consumer(s)" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Account Discovery Systems, LLC ("Account"), is a New York business entity with an address of 495 Commerce Drive, Suite 2, Amherst, New York 14228, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Account and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Account at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. A financial obligation (the "Debt") was allegedly incurred to a creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Account for collection, or Account was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Account Engages in Harassment and Abusive Tactics

11. Within the last year, Account contacted Plaintiffs in an attempt to collect the Debt.

2

12.     During the initial conversation and during every conversation thereafter, Account informed Plaintiff that it was attempting to collect the Debt and requested to speak to "Alan Coleman" (the "Debtor").

13.     During the initial conversation and during every conversation thereafter, Plaintiffs informed Account that they did not know the Debtor or his whereabouts and instructed Account to cease all communications with them.

14.     Despite having been informed of the foregoing, Account continued calling Plaintiff Kenneth Pope's cellular phone, placing sometimes up to five (5) calls per day with intent to annoy and harass Plaintiffs.

15.     Plaintiffs informed Account that they intended to send Account a cease and desist letter. Account refused to provide Plaintiffs with the address and terminated the call, causing Plaintiffs to feel oppressed and frustrated.

### C. **Plaintiffs Suffered Actual Damages**

16.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

17.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

18.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

21. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

22. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. The Plaintiffs are entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
5. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and
6. Such other and further relief as may be just and proper.

Dated: December 11, 2012

> Respectfully submitted,
>
> By */s/ Amy L. Cueller*
>
> Amy L. Cueller, Esq.. #15052-49
> LEMBERG & ASSOCIATES L.L.C.
> 1100 Summer Street, 3rd Floor
> Stamford, CT 06905
> Telephone: (203) 653-2250
> Facsimile:  (203) 653-3424
> E-Mail: acueller@lemberglaw.com
> Attorneys for Plaintiffs